UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS REGINO VALDEZ-REYES, | CASE NO. 2:26-cv-01251-JHC |
| Petitioner, | ORDER |
| v. | |
| BRUCE SCOTT ET AL., | |
| Respondents. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Jesus Regino Valdez-Reyes's Petition for Writ of

Habeas Corpus.  Dkt. # 1.  The Court has considered the materials filed in support of and in

opposition to the Petition, the rest of the record, and the governing law.  Being fully advised, for

the reasons below, the Court GRANTS the Petition.  Dkt. # 1.

**II**

**BACKGROUND**

Petitioner is a native and citizen of Mexico who entered the United States at an unknown

time and place around 2006, and who has remained in the United States for 20 years.  Dkt. # 8 at

ORDER - 1

1; Dkt. # 1 at 8-9.  On July 2, 2018, Petitioner applied to be a lawful permanent resident by filling a Form I-360, Petition for Amerasian, Widower, or Special Immigrant.[1]  Dkt. # 8 at 2.

On November 14, 2025, Petitioner was encountered, detained, and served a Notice to Appear, charging him as inadmissible and placing him in removal proceedings.  Dkt. # 8 at 2. On January 14, 2026, Petitioner was ordered removed by an Immigration Judge (IJ).  Dkt. # 8 at 2.  Petitioner appealed to the BIA, and that appeal remains pending.  Dkt. # 8 at 2.

On March 16, 2026, Petitioner was denied bond by an IJ.  Dkt. # 8 at 2. Petitioner appealed that decision on March 27, 2026, and on March 30, 2026, the IJ issued another bond order with more explanation.  Dkt. # 8 at 2.

Petitioner is detained at the Northwest ICE Processing Center (NWIPC).  Dkt. # 8 at 2. Petitioner, who has diabetes, says that while detained he has not reliably been provided medication to treat his condition, which has resulted in blurred vision, difficulty seeing clearly, and elevated blood sugar levels.  Dkt. # 1 at 7.

On May 14, 2026, Petitioner moved for a temporary restraining order due to worsening health conditions primarily based on alleged improper medical care at NWIPC.  *See* Dkt. # 14.

### III

#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241 (a), (c).  "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

---

[1] This petition was ultimately denied on April 20, 2026.  Dkt. # 8 at 2.

ORDER - 2

A.      Prudential exhaustion

Respondents argue the Court should deny the Petition because Petitioner's appeal remains pending before the BIA and thus, he has not exhausted his administrative remedies. Dkt. # 7 at 6.  In habeas petitions, the exhaustion requirement is "prudential, rather than jurisdictional," and a court may waive the requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner says requiring exhaustion would be futile because the Government has taken the position that IJs no longer have jurisdiction to consider bond requests for persons similarly situated to Petitioner; that is, detained under § 1226(a) but who the Government maintains is detained under § 1225(b). Dkt. # 1 at 5.  The Court agrees and finds it appropriate to waive exhaustion here.[2]

Further, given Petitioner's medical needs the Court finds he will suffer irreparable harm if he is required to wait for a BIA decision before being permitted to file a habeas claim.  Dkt. # 1 at 7; *see Scott v. Wamsley*, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.") (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019)).  Accordingly, the Court exercises

---

[2] In the alternative, the Court finds it appropriate to waive exhaustion under the *Puga* factors.  *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *see also Soriano v. Hernandez*, __ F. Supp. 3d __, 2026 WL 969764, at *3-4 (W.D. Wash. Apr. 10, 2026); *Vasquez Lopez v. Hernandez*, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026).

ORDER - 3

its discretion to waive the requirement of prudential exhaustion in this case and proceeds to the merits of Petitioner's due process claim.

B.      Bond Denial

The IJ made two findings: (1) that Petitioner is not eligible for bond because he is subject to mandatory detention under § 1225(b); and in the alternative, (2) that Petitioner failed to show he is not a flight risk.[3]  Dkt. # 1-8 at 39-40; *see also* Dkt. # 1-8 at 36-37.

1.      Jurisdiction

Federal courts generally lack jurisdiction to review discretionary bond determinations. *See* 8 U.S.C. § 1226(e).  But judicial review of constitutional claims or questions of law is not precluded, and a district court has jurisdiction to review an IJ's denial of bond when the bond denial is legally erroneous or unconstitutional.  *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *see Soriano v. Hernandez*, 2026 WL 969764, at *2-3; *see also Barrios Osorio v. Bondi*, 2026 WL 607765, at *2 (W.D. Wash. Mar. 4, 2026); *K.G.M.Q. v. Bondi*, 2026 WL 962609, at *10 (W.D. Wash. Apr. 9, 2026).

Petitioner does not challenge the IJ's discretionary ruling, but instead argues that the IJ's determination "does not comply with the standards outlined in section 1226—let alone the standards set by the Fifth Amendment's Due Process Clause."  Dkt. # 10 at 7.  This is a constitutional claim requiring the Court to consider questions of law, and thus the Court has jurisdiction.

---

[3] The IJ issued two decisions.  In the first, the IJ made only a flight risk finding, Dkt. # 1-8 at 36-37, and in the second, the IJ made the two findings described above.  Dkt. # 1-8 at 40.  The parties disagree on whether these two orders conflict and, if they do, whether the IJ erred procedurally.  *See* Dkt. # 7 at 5; Dkt. # 10 at 4, 6-7.  Because the Court bases its analysis on the constitutional challenge raised based on the substance of the IJ's finding, the Court does not address this procedural challenge.

ORDER - 4

2.      *Rodriguez Vasquez* Class Member

The IJ erred in finding Petitioner was ineligible for bond.  Petitioner says he is a member of the *Rodriguez Vazquez* Bond Denial Class.  Dkt. # 1 at 5-6; *see Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025) (*Rodriguez Vazquez I)*; *see also Rodriguez Vazquez v. Hermosillo*, 816 F. Supp. 3d 1234 (W.D. Wash. 2026) (*Rodriguez Vazquez II)*.  In *Rodriguez Vazquez I*, the court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez I*, 802 F. Supp. 3d at 1336.  And the Court further found:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at 1336.  The Government expresses disagreement with the Court's order in *Rodriguez Vazquez I* but concedes that Petitioner is a member of the Class.  Dkt. # 7 at 4.  The Court incorporates the reasoning of *Rodriguez Vazquez I* and finds that Petitioner is subject to discretionary detention under § 1226(a) and due the same relief established in *Rodriguez Vazquez I*; and thus, the IJ's finding that they did not have jurisdiction because Petitioner is subject to mandatory detention under § 1225(b) was erroneous.  *See Rodriguez Vazquez I*, 802 F. Supp. 3d at 1311-36.  The Court turns below to the IJ's alternative finding.

2.      Flight Risk

"The habeas court's review of an immigration judge's determination of flight risk is for abuse of discretion."  *Soriano*, 2026 WL 969764, at *4 (citing *Martinez*, 124 F.4th at 784-85 &

ORDER - 5

*Anyanwu v. Bondi*, 2025 WL 3466910, at *4 (W.D. Wash. Oct. 6, 2025), report and recommendation adopted, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025)). "Under an abuse of discretion standard, '[a district court] cannot reweigh evidence . . . [but] can [only] determine whether the BIA applied the correct legal standard.'" *Martinez*, 124 F.4th at 785 (considering "dangerousness") (citation modified); *see id.* at 783 ("Even though what constitutes 'dangerousness' is malleable and involves agency discretion, . . . this is still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'"); *see also Lopez Reyes v. Bonnar*, No. 18-CV-07429-SK, 2018 WL 7474861, at *8 (N.D. Cal. Dec. 24, 2018) ("where the IJ misinterpreted or failed to consider probative evidence, the Court may review such errors under its habeas review.").

In determining whether a Petitioner is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020).

The IJ provided very little to guide judicial review in determining whether they applied the correct legal standard. In both written orders, the IJ did not provide an explanation for the reasoning or point to anything in the record that indicated Petitioner was a flight risk. *See* Dkt. # 1-8 at 36-37, 39-40. And neither party attested to what, if any, oral decision was provided at the hearing. *See generally* Dkt. ## 1, 7, 10. Petitioner says that his showing before the IJ easily

ORDER - 6

satisfied the flight risk standard and the only way the IJ could make a flight risk finding with the facts presented was by failing to consider probative evidence and incorrectly applying the standard; and the Court agrees. Dkt. # 10 at 6-7; *see* Dkt. # 1-8 at 4-6.

The record before the IJ indicated Petitioner had lived in the United States for 20 years. Dkt. # 1-8 at 6. He demonstrated a strong presence in the United States with multiple friends and community members submitting letters identifying his long-standing community ties, church participation, and community service. Dkt. # 1-8 at 23-25. He was seeking legal permanent residency. Dkt. # 1-8 at 10-14. He had no criminal history. Dkt. # 1-8 at 22-24. Nothing in the record suggests that Petitioner ever tried to flee, and instead he expressed a "commitment to remain in the area." Dkt. # 1-8 at 6. By contrast, the Government made no showing at the hearing. Dkt. # 10 at 7. The IJ did not explain their ruling, and there was no evidence in the record to indicate Petitioner was a flight risk (and, in fact, Petitioner presented evidence that he was not a flight risk); thus, the IJ abused their discretion. *See e.g.*, *Soriano*, 2026 WL 969764, * 4-6; *Vasquez Lopez*, 2026 WL 984151, at *3; *W.T.M. v. Bondi*, 2026 WL 262583, *3-4 (W.D. Wash. Jan. 30, 2026).

C.    Remedy

Petitioner request immediate release because he is not a flight risk or subject to mandatory detention, and because of his medical needs that are not being met at NWIPC; in the alternative, Petitioner request another bond hearing. Dkt. # 1 at 21-23. Respondents are silent on the appropriate remedy. *See generally* Dkt. # 7.

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Under similar facts, even absent the risks to Petitioner's health, this jurisdiction has found no basis for similarly situated petitioners to continue to be detained. *See Soriano*, 2026 WL 969764, at *6 (ordering immediate release);

ORDER - 7

*Vasquez Lopez*, 2026 WL 984151, at * 3 (same); *W.T.M.*, 2026 WL 262583, at *5 (same); *see also Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering habeas petitioner's immediate release after finding immigration judge abused discretion in denying petitioner's request for bond at the bond determination hearing).  The Court finds the same here, and thus the appropriate remedy is for Petitioner to be immediate released with reasonable conditions of supervision.

## IV
### CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1); DENIES the Motion for Temporary Restraining Order (Dkt. # 14) as moot; and ORDERS as follows:

(1) Respondents shall release Petitioner from detention within 24 hours of this order.  Upon release, Petitioner shall be subject to reasonable conditions of supervision.

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel ofrecord.

(4) Petitioner requested attorney fees and costs under the Equal Access to Justice Act.  *See* 28 U.S.C. § 2412(d)(1)(A).  To be eligible for fees under the EAJA, a petitioner must submit an application within 30 days of final judgment.  *See id*. §(d)(1)(B).  Accordingly, Petitioner may file a motion within 30 days of final judgment.

ORDER - 8

Dated this 15th day of May, 2026.


John H. Chun
United States District Judge

ORDER - 9